IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELGIA TATES JR. AND VALARIE TATES, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMERICA'S SERVICING COMPANY, WELLS FARGO HOME MORTGAGE, <br><br> *Defendants*. | § § § § § § § § § § § § CIVIL ACTION NO. _____ |

### DEFENDANTS WELLS FARGO HOME MORTGAGE AND AMERICA'S SERVICING COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. and America's Servicing Company, a division of Wells Fargo Bank, N.A.[1] (collectively, "Defendants") remove this action from the 268th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, as follows:

### I.   STATE COURT ACTION

1.   On December 21, 2017, Plaintiffs Elgia Tates, Jr. and Valarie Tates (collectively, "Plaintiffs") filed *Plaintiffs' Original Petition for Illegal & Wrongful Foreclosure & Temporary Restraining Order/Order* [sic] (the "Petition") in the 268th Judicial District Court of Fort Bend County, Texas, styled: *Elgia Tates, Jr. and Valarie Tates v. America's Servicing Company, Wells Fargo Home Mortgage,* Cause No. 17-DCV-247421 (the "State Court Action").

---

[1] Incorrectly sued herein as "America's Servicing Company, Wells Fargo Home Mortgage."

**DEFENDANTS' NOTICE OF REMOVAL—PAGE 1**

2. In the State Court Action, Plaintiffs seeks to preclude foreclosure of the property located at 2806 Darby Brook Drive, Fresno, Texas 77545 (the "Property"). Plaintiffs claim they did not receive proper foreclosure notices. Plaintiffs claim the foreclosure was actually completed in November 2017, notwithstanding that the notice of sale they received lists January 2, 2018 as the scheduled sale date. Plaintiffs vaguely allege "illegal acts of fraud and deception" on the part of Defendants. Plaintiffs assert a breach of contract claim. They seek injunctive relief, damages of $300,000 or less, and attorney's fees.

3. Upon information and belief, Defendants have not yet been served. However, citations were issued on December 28, 2017, and therefore thirty days could not have passed since service of process. *See* State Court Docket Sheet (Ex. D). Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4. Defendants removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.     PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

6. The United States District Court for the Southern District of Texas, Houston Division, has original jurisdiction over this action based diversity jurisdiction because Defendants are now, and were at the time this action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | | |
|---|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court docket sheet |
| **Exhibit D-1** | Plaintiffs' Original Petition |
| **Exhibit D-2** | Application for Temporary Restraining Order and Temporary Injunction |
| **Exhibit D-3** | Order Denying Temporary Restraining Order |
| **Exhibit D-4** | Order Setting Hearing on Application for Temporary Injunction |
| **Exhibit D-5** | Defendants' Original Answer |
| **Exhibit E** | Fort Bend County Appraisal District property information |

8. In connection with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 268th Judicial District Court of Fort Bend County, Texas pursuant to 28 U.S.C. § 1446(d).

## III. DIVERSITY JURISDICTION

9. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiffs are not citizens of the same state as Defendants. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A.  THE PARTIES ARE COMPLETELY DIVERSE.

10.     Plaintiffs are natural persons, so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely."  *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).  Plaintiffs are domiciled in Fort Bend County, Texas.  *See* Petition, ¶ 2 (Ex. D-1).  Therefore, Plaintiffs are citizens of Texas for diversity purposes.

11.     Both Wells Fargo Home Mortgage and America's Servicing Company are divisions of Wells Fargo Bank, N.A., which is a national banking association organized under federal law.  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its Articles of Association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Under its articles of association, Wells Fargo Bank, N.A.'s main office is located in South Dakota.  Therefore, Wells Fargo Bank, N.A., is a citizen of South Dakota for diversity purposes.  28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.  Because Wells Fargo Home Mortgage and America's Servicing Company are divisions of Wells Fargo Bank, N.A., they are also citizens of South Dakota for diversity purposes.  *Id*.

### C.  AMOUNT IN CONTROVERSY

12.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  *See St. Paul*

*Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

13. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 Fed. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

14. Further, the Court may also consider actual damages, exemplary damages and attorney's fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000);

*Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

15.     Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs seek injunctive relief to preclude foreclosure of the Property.  *See* Application for Temporary Restraining Order and Temporary Injunction (Ex. D-2).  As a result, the entire value of the Property is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48.  According to the Fort Bend County Appraisal District, the current market value of the Property is $195,140.[2]  *See* Ex. E.  In addition, Plaintiffs seek damages of $300,000 or less.  *See* Petition, ¶ 6(a) (Ex. D-1).  Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Fort Bend County Appraisal District valuation for the Property.

## IV. CONCLUSION

WHEREFORE, Defendants remove this action from the 268th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Robert T. Mowrey*
**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Nicola Shiels**
State Bar No. 24037489
nicola.shiels@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Sahar H. Shirazi**
State Bar No. 24085809
sahar.shirazi@lockelord.com
JP Morgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200
(713) 223-3717 (facsimile)

**COUNSEL FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on January 24, 2018, on the following via CMRRR pursuant to the Federal Rules of Civil Procedure:

Elgia Tates Jr. and Valarie Tates
2806 Darby Brook Drive
Fresno, Texas 77545
*Pro Se Plaintiffs*

/s/ *Sahar H. Shirazi*
Sahar H. Shirazi